UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SAM RALEV,                )  |  |
|     Plaintiff,     )  |  |
|                           )  |  |
| v.                        )  | CAUSE NO.: 2:16-CV-350-JPK |
|                           )  |  |
| PATRICK ROBINSON, JR.,    )  |  |
|     Defendant.    )  |  |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Amended Motions in Limine [DE 121], filed by Defendant Patrick Robinson, Jr. on May 26, 2020, and Amended Motions in Limine [DE 153], filed by Plaintiff Sam Ralev, *pro se*, on October 27, 2020. Plaintiff filed two responses to Defendant's motions in limine, and Defendant filed a response to Plaintiff's amended motions in limine. No replies were filed.

"A motion in limine is a request for the court's guidance concerning an evidentiary question." *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D. Ill. 2009) (citing *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999); *Kiswani v. Phoenix Security Agency, Inc.*, 247 F.R.D. 554, 557 (N.D.Ill.2008)). Evidence is properly barred in limine if the evidence is "inadmissible on all potential grounds." *Id.* (citing *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003)). If evidence does not meet this standard, the evidentiary ruling "should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* at 1055-56 (quoting *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).

An order on motions in limine is a preliminary order, subject to change. This Opinion and Order is not a final determination on any of the following issues and is subject to change over the

course of trial, if justified by the evidence or arguments. Either party may ask the Court to revisit the issues set forth in this Opinion and Order, but must do so outside of the presence of the jury. While it is preferable that the parties do so during a break in the trial so as to minimize disruptions to trial while the jury is seated, either party may also request a side bar conversation.

Federal Rules of Evidence 401, 402, and 403 apply broadly to the Court's determinations below, so they are recited here for the benefit of the parties. Pursuant to Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court" and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Finally, per Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As discussed below, the Court hereby **GRANTS in part** and **DENIES without prejudice in part** Defendant's Amended Motions in Limine [DE 121] and Plaintiff's Amended Motions in Limine [DE 153]. The parties shall not mention in the presence of the jury the motions in limine or the Court's rulings thereon.

*1. Insurance*

Defendant requests that the Court exclude any reference to liability insurance, pursuant to Federal Rule of Evidence 411. This rule provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or

otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411.

Plaintiff opposes Defendant's request on the grounds that fault in this case has been established and that preventing the jury from hearing evidence of Defendant's liability insurance will unduly prejudice Plaintiff. The Court reminds Plaintiff that fault in this matter has not yet been determined and that fault, or liability, is a question for the jury to decide.

Pursuant to Federal Rule of Evidence 403, the Court must consider the danger of unfair prejudice and confusing the issues. And, certainly, evidence of insurance coverage can create an unfair prejudice toward Defendant and/or confuse the issues actually before the jury. *See King v. Harrington*, 447 F.3d 531, 533 (7th Cir. 2006) ("Because the paramount question before the jury was one of negligence, evidence of [the defendant's] insurance was not admissible absent a showing on the part of [the plaintiffs] that they intended to use the information for some alternate purpose set forth in the second sentence of Rule 411."); *Johnson v. Amazon.com LLC*, No. 17 C 7335, 2019 WL 2323876, at *2 (N.D. Ill. May 30, 2019) ("The Court also finds that [evidence of the defendants' insurance] is irrelevant and that even if it was relevant, any relevance would be substantially outweighed by a danger of unfair prejudice, confusing the issues, or wasting time.").

To be clear, while Rule 411 specifically prohibits the introduction of evidence of insurance to prove that a person acted negligently, or otherwise wrongfully, the rule does not prohibit the introduction of such evidence for another purpose. Nonetheless, at this time, Plaintiff has presented no permissible purpose for which he may introduce any evidence of liability insurance at trial.

Accordingly, Defendant's request is granted *solely* to the extent that, should Plaintiff wish to reference insurance or otherwise place such information into evidence, he must first address the issue with the Court outside the presence of the jury. On the current record, the Court sees no

permissible purpose allowing for the admission of such evidence. Nevertheless, Plaintiff may attempt to proffer a permissible purpose if he so chooses.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

*2. Medical Bills*

Defendant requests that the Court exclude any and all medical bills, hospital bills, or similar items that do not meet the "reasonable and necessary" test of Indiana Rule of Evidence 413 and/or the requirements of Federal Rules of Evidence 702 and 703. Rule 702, discussed further below, describes when an individual may offer their opinion as an expert witness. *See* Fed. R. Evid. 702. Rule 703, in turn, describes the acceptable bases of an expert witness's opinion testimony. *See* Fed. R. Evid. 703. Finally, Indiana Rule of Evidence 413 explains that "[s]tatements of charges for medical, hospital or other health care expenses for diagnosis or treatment occasioned by an injury are admissible into evidence. Such statements are prima facie evidence that the charges are reasonable." Ind. R. Evid. 413.

Pursuant to the *Erie* doctrine, as established in *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Here, because the Court has subject matter jurisdiction over this matter via diversity jurisdiction and Indiana is the forum state, the parties' arguments will be reviewed against the applicable Indiana common and statutory law. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) ("When no party raises the choice of law issue, the federal court may simply apply the forum state's substantive law."); *Farmers & Merchants State Bank v. Norfolk & W. Ry. Co.*, 673 F. Supp. 946, 947 (N.D.

Ind. 1987) ("Because this is a diversity of citizenship case, the legal sufficiency of defendant's second defense must be determined under the applicable Indiana common and statutory law.").

The Supreme Court of the United States has explained that "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor." *Gasperini*, 518 U.S. at 427. And, as the Seventh Circuit Court of Appeals has noted, "[t]he Federal Rules of Evidence, not provisions of state law, govern the admissibility of evidence in federal court . . . Matters concerning the admissibility of evidence and matters of practice and procedure are governed by federal law, as long as those rules are procedural in character." *Park v. City of Chicago*, 297 F.3d 606, 611-12 (7th Cir. 2002) (internal citations omitted). However, as noted by Defendant, at least one court in this jurisdiction has determined that Indiana Rule of Evidence 413 applies to the admissibility of evidence in cases before federal courts sitting in diversity. *See Burton v. Riverboat Inn Corp.*, No. 4:12-CV-40-WGH-RLY, 2013 WL 6150309, at *3 (S.D. Ind. Nov. 22, 2013) (finding that Indiana Rule of Evidence 413 applies on diversity jurisdiction as it "set[s] forth substantive Indiana tort law and [is] not strictly [a rule] governing the admissibility of evidence").

The Court in *Burton* noted that, at the time, no federal court had considered whether Indiana Rule of Evidence 413 controlled substantive law or only the admissibility of evidence. *Id.* It appears to this Court that no federal court has considered the issue since *Burton*, either. At this stage, the Court is unable to reach a determination on the applicability of Indiana Rule of Evidence 413 to these proceedings. If either or both parties wish for the Court to determine the admissibility of medical bills under that standard, they should be prepared to further brief the issue at trial.

Nonetheless, regardless of whether Indiana Rule of Evidence 413 applies, the Court notes that it will look to Federal Rules of Evidence 401 and 403 to guide a determination on whether any specific medical bill is admissible at trial. As noted above, Rule 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 403, in turn, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

On the current record, the Court is unable to reach a determination on the exclusion of any potential medical bill. However, the Court notes that Plaintiff is precluded from putting into evidence medical bills that are unrelated to the injuries he claims arose from the events of August 27, 2014, as set forth in Plaintiff's Complaint. (*See* Compl., ECF No. 1). To aid in the Court's determination as to the admissibility of specific medical bills at trial, Plaintiff must file a short statement identifying any medical bills he intends to introduce into evidence on or before **April 12, 2021**.[1]

To the extent it calls for the exclusion of any specific medical bill in the current record, Defendant's request is denied without prejudice. Defendant remains free to raise any appropriate objection at or before trial concerning the admission of specific medical bills.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

---

[1] The Court notes that this deadline may be vacated should Plaintiff's pending motion to continue the final pretrial conference and trial be granted.

*3. Lay Testimony*

Defendant requests that the Court exclude testimony by Plaintiff and other lay witnesses regarding Plaintiff's diagnoses, prognoses, future medical care, the possibility that Plaintiff will incur future medical expenses, and the possibility that Plaintiff will incur future pain and suffering, including permanency. From Plaintiff's responses, it seems that he may interpret Defendant's request to be that the Court bar *any* witness from offering testimony regarding these topics. This is not so. Rather, Defendant requests that *lay* witnesses, as opposed to *expert* witnesses, be prohibited from offering such testimony.

The Federal Rules of Evidence note two distinct categories of opinion testimony: that which is offered by lay witnesses, and that which is offered by expert witnesses. Pursuant to Rule 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Pursuant to Federal Rule of Evidence 701, in turn, a lay witness may offer opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Lay witnesses, including Plaintiff in this matter, "cannot, however, offer medical opinions that require scientific, technical, or other specialized knowledge." *Christmas v. City of Chicago*,

691 F. Supp. 2d 811, 821 (N.D. Ill. 2010). Furthermore, they "may not testify as to any diagnosis or condition," nor may they "testify about [a plaintiff's] perceived symptoms if the link between the symptoms and their cause would not be obvious to a layperson." *Torres v. City of Chicago*, No. 12 C 7844, 2015 WL 12843889, at *8 (N.D. Ill. Oct. 28, 2015); *Cooper v. Dailey*, No. 07 C 2144, 2012 WL 1748150, at *7 (N.D. Ill. May 16, 2012); *see also Denton v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 02 C 2220, 2005 WL 1459203, at *5 (N.D. Ill. June 16, 2005) ("Expert testimony is generally required to establish a causal connection between an accident and an injury 'unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile.'" (quoting *Schmaltz v. Norfolk & W. Ry. Co.*, 896 F. Supp. 180, 182 (N.D. Ill. 1995))). "Thus, the general rule is that a lay witness may testify about his 'own perceptions, including the physical and emotional effects of the defendants' alleged conduct.'" *Torres*, 2015 WL 12843889, at *8 (quoting *Christmas*, 691 F. Supp. 2d at 821). Indeed, Plaintiff "may relate to the jury [his] condition following the incident based on [his] recollections and subject to cross-examination." *Cooper*, 2012 WL 1748150, at *7.

Defendant's request is well taken and is therefore granted. The Court will exclude any testimony by Plaintiff and other lay witnesses regarding Plaintiff's diagnoses, prognoses, future medical care, the possibility that Plaintiff will incur future medical expenses, and the possibility that Plaintiff will incur future pain and suffering, including permanency. Plaintiff remains free to argue that he should have the opportunity to present a broader range of testimony or other evidence but is warned that he must do within the confines of the Federal Rules of Evidence. And, as discussed throughout this Opinion and Order, Plaintiff must make any such argument outside the presence of the jury.

It bears stressing that the issue of expert witnesses has been addressed many times by the Court. Plaintiff's original deadline to deliver his expert witness disclosures and reports to Defendant was July 28, 2017. By agreement, this deadline was extended to August 28, 2017, then October 12, 2017, then November 27, 2017. Following a series of activity on the docket, Plaintiff represented to the Court at a telephonic status conference held on July 7, 2020 that he has not disclosed any expert witnesses and does not intend to introduce or offer expert witness testimony or evidence. Subsequently, however, Plaintiff filed a motion to disclose expert witnesses, testimony, and evidence on July 23, 2020. The Court denied without prejudice Plaintiff's motion, as Plaintiff had failed to identify any proposed experts or their opinions and to explain whether such experts or opinions have been previously disclosed in the case. The Court noted that, to the extent Plaintiff sought to disclose any expert testimony at trial, he was free to identify such expert witnesses and their opinions in his proposed pre-trial order. (July 24, 2020 Order, ECF No. 139). Plaintiff filed his proposed pre-trial order on August 10, 2020 but failed to include the opinion of any expert witness. Plaintiff then obtained counsel and was granted leave to file another proposed pre-trial order by September 15, 2020. One day prior to this deadline, Plaintiff's counsel withdrew, and the Court extended the time for Plaintiff to file his proposed pre-trial order to October 15, 2020. While Plaintiff filed a proposed pre-trial order on that date, he once again failed to include the opinion of any expert witness. It appears to the Court that Plaintiff has been given no fewer than seven deadlines to disclose his expert witnesses over the course of three years and, yet, he has still failed to do so.

The Court has cautioned Plaintiff on multiple occasions that he is subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Here, the Court will specifically refer Plaintiff to Federal Rule of Civil Procedure 26, which provides as follows:

> (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-- prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> > (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> > (ii) the facts or data considered by the witness in forming them;
> > (iii) any exhibits that will be used to summarize or support them;
> > (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> > (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> > (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> > (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2).

Plaintiff has no request currently before the Court for an extension of time to provide a disclosure of his expert witnesses that includes the necessary information specified in subsections (B) or (C) of Rule 26. And, to the knowledge of this Court, Plaintiff has never disclosed the opinion of any expert witness whose testimony he may seek to offer. Plaintiff remains free to seek any relief from this Court and may identify where he disclosed his expert witness opinions, if in fact

he has done so. Furthermore, the Court notes that Plaintiff is free to cross-examine Defendant's expert witnesses at trial. However, the Court once again **cautions** Plaintiff that he must address the issue of any admission of expert opinion or testimony with the Court outside the presence of the jury.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

*4. Settlement Negotiations*

Defendant requests that the Court exclude any reference to settlement negotiations, pursuant to Federal Rule of Evidence 408. Under this rule, evidence regarding "furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim" and "conduct or a statement made during compromise negotiations about the claim" is not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. Nonetheless, the Court "may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Id.* Plaintiff provided no response to this portion of Defendant's motion in limine, and there is nothing apparent in the record that would allow for the admission of settlement negotiations. Defendant's request is granted. Any reference to settlement negotiations or statements made about the case during those negotiations, except those allowable under Rule 408, is precluded. Should Plaintiff desire to introduce such evidence for an allowable purpose, he may seek permission to do so at trial. The Court emphasizes that such permission must be sought and obtained outside the hearing of the jury prior to the introduction of any such evidence.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

5. *Separation of Witnesses*

Defendant requests that the Court order the separation of witnesses during trial, pursuant to Federal Rule of Evidence 615. This rule provides that, on its own or "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. However, this rule does not authorize excluding:

> (a) a party who is a natural person;
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
> (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
> (d) a person authorized by statute to be present

*Id.*

Defendant further requests that the Court order that counsel for the parties instruct each witness that (1) no witness, including the parties and counsel, shall be permitted to talk to any other witness, including the parties, regarding that witness' trial testimony, during the pendency of this trial; (2) no witness be allowed to review or examine any transcripts or recordings of any other witness' testimony given in this cause, during the pendency of this trial; and (3) no witness except the parties, shall be permitted in the courtroom during the trial of this cause except for the purpose of testifying. Plaintiff does not object, and the request is granted. The Court will order the separation of witnesses during trial, and the parties shall instruct all witnesses as provided above.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

*6. Evidence of Retention of Counsel by Insurance Carrier or Representation that Defense Counsel "Only Represents Defendants"*

Defendant requests that the Court exclude any reference by Plaintiff that defense counsel "only represents defendants," which Defendant states would be an effort to suggest or intimate that there is insurance coverage at issue. For the same reasons described above regarding any reference to liability insurance, Defendant's request is granted. Any statement regarding defense counsel "only representing defendants" is precluded, subject to Plaintiff's right to raise this issue outside the presence of the jury.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

*7. Evidence of Post-Accident Financial Hardship*

Defendant requests that the Court exclude any evidence regarding Plaintiff's financial status and hardships he may have experienced since the accident giving rise to this litigation, as such evidence is irrelevant to the issues in this matter. Plaintiff does not object, and the request is granted. Should Plaintiff desire to introduce such evidence for an allowable purpose, he may seek permission to do so at trial. Again, the Court emphasizes that such permission must be sought and obtained outside the hearing of the jury prior to the introduction of any such evidence.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

*8. Evidence or Testimony Regarding the Wealth of Plaintiff*

Defendant requests that the Court exclude any evidence to show directly or indirectly the wealth or financial standing of Plaintiff, as such evidence is irrelevant to the issues in this matter. Plaintiff does not object, and the request is granted. Should Plaintiff desire to introduce such evidence for an allowable purpose, he may seek permission to do so at trial. The Court emphasizes

that such permission must be sought and obtained outside the hearing of the jury prior to the introduction of any such evidence.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

*9. References to Motions in Limine*

Defendant requests that the Court exclude any reference to these motions in limine and the Court's orders regarding them. Plaintiff does not object, and the request is granted.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

*10. Golden Rule*

Defendant requests that the Court prohibit any "golden rule" argument, which asks the jurors to place themselves in Plaintiff's shoes. Plaintiff responds that it is allowable to invoke emotions among jurors in a personal injury case, and that it is permissible for the jurors to place themselves in a victim's shoes if it pertains to the facts of the case.

The Seventh Circuit Court of Appeals has explained that a "golden rule" argument "is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Roman*, 492 F.3d 803, 806 (7th Cir. 2007) (internal quotation marks and citation omitted). Defendant's request is granted. Any invitations for the jury to place itself in the shoes of either party are improper and therefore excluded. The Court notes that Plaintiff is nonetheless free to testify as to his own emotional state, so long as he does not invite the jury to place itself in his shoes.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

*11. Legal Conclusions by Witnesses*

Defendant requests that the Court prohibit witnesses from offering opinions that are not helpful to the trier of fact, which merely provide the jury with the result a party desires the jury to reach, and which are phrased in terms of inadequately explored legal criteria, pursuant to Federal Rules of Evidence 701, 702, and 704. The text of Rules 701 and 702 is recited above and need not be repeated here. Per Rule 704, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704.

The Seventh Circuit Court of Appeals has previously explained that neither lay nor expert witnesses may offer testimony as to legal conclusions. *See United States v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009) ("We have held repeatedly that lay testimony offering a legal conclusion is inadmissible because it is not helpful to the jury, as required by Rule 701(b)."); *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) ("The district court correctly ruled that expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible."). Defendant's request is granted.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

*12. Speculation Regarding Impaired Earning Capacity*

Defendant requests that the Court prohibit Plaintiff from referring to his belief that he has lost future income as an electrical engineer or from offering certain internet research conducted by Plaintiff to provide evidence of this claim. Defendant directs the Court to two exhibits to support this request, but none were filed with Defendant's motion. As the record is incomplete,

Defendant's request is denied without prejudice. The Court will evaluate and rule on the admissibility of any proffered evidence regarding Plaintiff's potential and/or impaired earning capacity on a case-by-case basis at trial.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

*13. Court Sealed Information*

Plaintiff requests that the Court exclude evidence regarding certain sealed documents pertaining to a case that is seemingly unrelated to the claims in this matter. Defendant does not object, and the request is granted.

The Court reminds the parties that this is a preliminary ruling. Either party may ask the Court to revisit this issue during trial, but must do so outside of the presence of the jury.

*14. Timeliness*

Defendant asserts that the Court should deny Plaintiff's motions in limine as untimely, as they were filed after the deadline to do so. Defendant's request is denied. Given Plaintiff's *pro se* status, the Court has exercised its discretion to rule on Plaintiff's motions in limine on the merits. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("[W]hile the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds."); *Palmer v. City of Decatur, Ill.*, 814 F.2d 426, 428–29 (7th Cir. 1987) (noting that it is "the well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration" (internal quotation marks and citation omitted)).

So ORDERED this 26th day of March, 2021.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT

cc: *Pro se* Plaintiff by first class and certified mail, return receipt requested